# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Merel Evans Bishop, | Civil No. 14-1898 (ADM/SER) |
| Plaintiff, | |
| v. | **<u>REPORT AND RECOMMENDATION</u>** |
| Minnesota Department of Human Services, Minnesota Sex Offender Program; and Lucinda Jesson, Nancy Johnston, Kevin Moser, Steve Sajdak, Joanne Christenson, and Brian Erickson, in their individual and official capacities, | |
| Defendants. | |

---

Merel Evans Bishop, *Pro Se*, MSOP-Moose Lake, 1111 Highway 73, Moose Lake, Minnesota 55767.

Aaron Winter and Kristy L. Burdick Cariveau, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, Saint Paul, Minnesota 55101, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants Minnesota Department of Human Services, Minnesota Sex Offender Program, Lucinda Jesson, Nancy Johnston, Kevin Moser, Steve Sajdak, Joanne Christenson, and Brian Erickson's (collectively "Defendants") Motion to Dismiss [Doc. No. 37], and Plaintiff Merel Evans Bishop's ("Bishop") Motion to Dismiss Complaint ("Motion to Dismiss or Amend") [Doc. No. 45] and Motion for Leave to File a Second Amended Complaint ("Third Motion to Amend") [Doc. No. 48]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends that Bishop's Motion to Dismiss or Amend be granted in part and denied in part,

and that Bishop's Third Motion to Amend and Defendants' Motion to Dismiss be denied as moot.[1]

I.  BACKGROUND

   A.  Procedural Background

Bishop was civilly committed to the Minnesota Sex Offender Program ("MSOP") in 2001. (First Am. Compl.) [Doc. No. 35 ¶¶ 2, 25]. The Minnesota Department of Human Services ("DHS") is responsible for and operates the MSOP facility in Moose Lake, Minnesota ("Moose Lake"). *See* (*id.* ¶¶ 2, 9). Currently Bishop is committed to Moose Lake as a patient under the care of DHS. (*Id.* ¶¶ 2, 8). Lucinda Jesson is the Commissioner of DHS. (*Id.* ¶ 9). Nancy Johnston is the Executive Director of MSOP, and Kevin Moser is the Director. (*Id.* ¶¶ 10, 11). Steve Sajdak is the Program Manager of the Moose Lake kitchen, Joanne Christenson is the Kitchen Supervisor, and Brian Erickson is the Chief Cook. *See* (*id.* ¶¶ 12–14).

Bishop filed his original Complaint on June 12, 2014. (Compl.) [Doc. No. 1]. In response to the Complaint, Defendants filed a motion to stay, asking this Court to stay this matter pending the resolution of *Karsjens v. Jesson*, No. 11-cv-3659 (DWF/JJK). (Mot. to Stay Case, "Mot. to Stay") [Doc. No. 10 at 1]. While the Motion to Stay was pending, Bishop filed a Motion for Leave to File a First Amended Complaint ("First Motion to Amend") [Doc. No. 26]. The Court denied Defendants' request for a stay and ordered Defendants to respond to the First Motion to Amend. (Order Dated Dec. 11, 2014) [Doc. No. 30]; (Text Only Entry Dated Dec. 12, 2014) [Doc. No. 31]. Defendants did not oppose the First Motion to Amend. (Defs.' Resp. to First Mot. to Amend) [Doc. No. 32]. On December 31, 2014, the Court granted the First Motion to Amend

---

[1] The motions addressed herein involve both dispositive and non-dispositive issues. Because the dispositive and non-dispositive issues are interrelated, the Court issues a report and recommendation as to all matters raised in the above motions.

and directed the Clerk's Office to file the First Amended Complaint as the operative pleading in this matter. (Order Dated Dec. 31, 2014) [Doc. No. 33 at 2].

Defendants filed the Motion to Dismiss and served Bishop via mail on January 14, 2015. (Mot. to Dismiss); (Cert. of Service) [Doc. No. 42]; *see* Fed. R. Civ. P. 5(b)(2)(C). The Court set a briefing schedule on the Motion to Dismiss, ordering Bishop to respond to the motion no later than February 12, 2015, and permitting Defendants to file a reply no later than March 5, 2015. (Text Only Entry Dated Jan. 15, 2015) [Doc. No. 44].

On January 21, 2015, seven days after the filing and service of the Motion to Dismiss, Bishop filed his Motion to Dismiss or Amend. In this motion, Bishop states that he "chooses to either amend his complaint or be allowed to re-file his complaint as a new action," and asks the Court to dismiss his First Amended Complaint without prejudice, or "for a 60 day stay to amend his pleadings that will then conform to court rules." (Mot. to Dismiss or Amend at 2–3). Bishop did not file supportive documents or a proposed amended complaint in conjunction with the filing of his Motion to Dismiss or Amend. *See* L.R. 7.1(b)(1); L.R. 15.1(b) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading . . . ."). Defendants did not file a brief in opposition to the Motion to Dismiss or Amend, treating it instead as Bishop's responsive brief in opposition to their Motion to Dismiss. *See* (Defs.' Notice that No Reply Will be Filed) [Doc. No. 47] ("Defendants hereby give notice that they do not intend to file a reply memorandum to Plaintiff's response (entitled 'Motion to Dismiss Complaint') [Doc. No. 45]"). On June 4, 2015, Bishop filed the Third Motion to Amend, as well as an accompanying memorandum and a proposed Second Amended Complaint. (Proposed Second Am. Compl.) [Doc. No. 48-1]; (Mem. in Supp. of Third Mot. to Amend) [Doc. No. 49]. Bishop filed his Third Motion to Amend because he had not yet "received a decision on" the

3

Motion to Dismiss or Amend. (Third Mot. to Amend at 1). Because Defendants' Motion to Dismiss and Bishop's Motion to Dismiss or Amend were pending when Bishop filed his Third Motion to Amend, the Court stayed briefing on the Third Motion to Amend. (Text Only Entry Dated June 5, 2015) [Doc. No. 51].

### B. Factual Background

Bishop is "an observant Jewish patient who adheres to the orthodox school of thought" and who believes in eating kosher meals. (First Am. Compl. ¶ 24).[2] While a kosher meal program has been implemented at Moose Lake, Bishop alleges that Defendants have "put[] non-kosher items" in the meals "therefore making [Bishop's] food non-kosher." (*Id.* ¶¶ 27, 29). Bishop also alleges that the quality of kosher food is so poor it is inedible, which previously caused "everyone," including Bishop, to quit eating the kosher meals. (*Id.* ¶¶ 27, 28). Bishop "recommenced kosher meals after Passover . . . in 2014." (*Id.* ¶ 28). Bishop further alleges that the kosher meals offered at Moose Lake do not satisfy "the standards of the American Dietetic Association for adult males," and that the caloric values of kosher meals differ considerably from those of the non-kosher meals. (*Id.* ¶ 30). Due to issues regarding the kosher meals, Bishop, who is diabetic, "has suffered severely low blood sugar since starting back on the kosher meals." (*Id.* ¶ 23, 26). This has led to "Health Services being called to bring glucose packs in the middle of the night, to assist in bringing [Bishop's] blood sugar back to a normal range." (*Id.* ¶ 26). Bishop also alleges that he submitted a request to Defendants to permit a "volunteer rabbi" to come to Moose Lake and "train the staff regarding proper handling of kosher food," but that Defendants responded "stating that volunteers are not allowed to enter the facility for this purpose." (*Id.* ¶ 53).

---

[2] The facts are drawn from the First Amended Complaint, as it remains the operative pleading at this time.

Bishop alleges four counts against Defendants: Count I asserts violations of the First Amendment, Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") for denial of nutritionally adequate kosher food; Count II asserts violations of the First Amendment, Fourteenth Amendment, RLUIPA, and article 1, section 2 of the Minnesota Constitution for deprivation of nutritionally adequate kosher food; Count III asserts that Bishop has been inhumanely treated in violation of the Fourteenth Amendment and article 1, section 2 of the Minnesota Constitution; and Count IV asserts violations of the First Amendment and RLUIPA for Defendants' failure to permit a rabbi to provide training to Moose Lake kitchen staff regarding kosher food handling. (*Id.* ¶¶ 30–58); *see also* (*id.* ¶ 1) (summarizing claims). Bishop seeks "injunctive and punitive relief" and "compensatory and actual or nominal damages based on Defendants' actions in their individual capacity." (*Id.* ¶ 4).

## II. DISCUSSION

"The Eighth Circuit has held that, as a procedural matter, it is plainly erroneous for a district court to grant a motion to dismiss, and then deny a pending motion to amend as moot, without consideration of the merits of the motion to amend." *Besett v. Wadena County*, Civ. No. 10-934 (JRT/LIB), 2010 WL 5439720, at *6 (D. Minn. Dec. 7, 2010); *see also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss the original complaint."). The Court must therefore consider Bishop's Motion to Dismiss or Amend and Third Motion to Amend before addressing Defendants' Motion to Dismiss. *See Besett*, 2010 WL 5439720, at *6.

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "if the pleading is one to which a responsive pleading is required," a "party may amend its pleading once as a matter of course

5

within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In his Motion to Dismiss or Amend, Bishop articulates his desire to amend his First Amended Complaint, stating that he "**chooses** to either amend his complaint or be allowed to re-file his complaint as a new action," and Bishop does not expressly "invoke the . . . [Court's] discretionary authority" under Rule 15(a)(2). *Pure Country*, 312 F.3d at 956; (Mot. to Dismiss or Amend at 2) (emphasis added). Under these circumstances, the Court construes the Motion to Dismiss or Amend as a request by Bishop to amend his complaint "once as a matter of course" under Rule 15(a)(1)(B). *See Pure Country*, 312 F.3d at 956 ("[S]eeking leave to amend does not, by itself, invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a)."). At the time Bishop filed his Motion to Dismiss or Amend, Defendants had not filed a responsive pleading, and Bishop filed his Motion to Dismiss or Amend seven days after Defendants filed and served the Motion to Dismiss. *See* (Mot. to Dismiss or Amend); *see also* Fed. R. Civ. P. 7, 15. Because Bishop requested to amend his complaint well within 21 days after service of a motion under Rule 12(b), the Court recommends that the Motion to Dismiss or Amend be granted to the extent Bishop seeks to amend his First Amended Complaint.[3] *See* Fed. R. Civ. P. 15(a)(1)(B); *see also Pure Country*, 312 F.3d at 956 (suggesting that a motion to amend might properly be treated as a

---

[3] The Court acknowledges that in the Motion to Dismiss or Amend, Bishop asked to amend his First Amended Complaint and "for a 60 day stay to amend his pleadings that will then conform to court rules." (Mot. to Dismiss or Amend at 3). While a stay in order to amend is not specifically addressed or contemplated under Rule 15(a)(1)(B), the Court construes Bishop's *pro se* motion liberally and finds it appropriate to treat Bishop's request as one under Rule 15(a)(1)(B).

request to amend as a matter of course if a party "implicitly . . . rel[ies] on the 'as a matter of course' language of Rule 15(a)").

Defendants seemed to acknowledge the possibility that Bishop could amend his complaint as a matter of course in a similar scenario when they responded to Bishop's First Motion to Amend. Defendants noted that when Bishop pursued amendment through the First Motion to Amend, he was "not within either of the[] timeframes" under Rule 15(a)(1). *See* (Defs.' Resp. to First Mot. to Amend at 1–2). Defendants noted, however, that "if . . . Defendants filed a pleading responsive to the original Complaint, [Bishop] would then be able to amend as a matter of course under Fed. R. Civ. P. 15(a)(1)(B)." (*Id.* at 2). Moreover, Defendants treated Bishop's Motion to Dismiss or Amend as a responsive brief in opposition to their Motion to Dismiss and declined to file a reply. *See* (Defs.' Notice that No Reply Will be Filed). That is, Defendants did not respond to the Motion to Dismiss or Amend in any way.

In sum, the Court recommends that the Motion to Dismiss or Amend be granted to the extent Bishop seeks to amend his First Amended Complaint. Correspondingly, the Court recommends that the Motion to Dismiss or Amend be denied to the extent Bishop seeks dismissal without prejudice.[4] Bishop filed the Third Motion to Amend because he had not yet received a decision on the Motion to Dismiss or Amend, and the Court therefore recommends denying the Third Motion to Amend as moot. *See* (Third Mot. to Amend at 1). The Court further recommends that the Clerk's Office be directed to file the proposed Second Amended Complaint

---

[4] In his Motion to Dismiss or Amend, Bishop also asks to the Court to order that "the evidence which has been preserved in the action continue to be preserved." (Mot. to Dismiss or Amend at 1). Bishop does not further discuss the evidence he is referring to, but to the extent Bishop is referring to evidence at issue in his previously filed Motion to Preserve Evidence [Doc. No. 16], the preservation of that evidence is addressed in the Court's prior order. (Order Dated Dec. 11, 2014 at 12) (granting in part and denying in part Bishop's Motion to Preserve Evidence).

as the operative complaint in this matter. Although Bishop did not file a proposed amended complaint with the Motion to Dismiss or Amend, it is now apparent that the proposed Second Amended Complaint is the amended pleading he intended to file through that motion.

The Court next addresses Defendants' Motion to Dismiss. Because the Court recommends granting the Motion to Dismiss or Amend to the extent Bishop seeks to amend the First Amended Complaint, the Court recommends denying Defendants' Motion to Dismiss as moot. *See Pure Country*, 312 F.3d at 956 ("If anything, [the plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint."). The Court acknowledges that at times courts have treated a proposed amended complaint as the operative complaint for the purposes of an already-filed motion to dismiss, and have then proceeded to consider whether the defendant is nonetheless still entitled to dismissal. *See Besett*, 2010 WL 5439720, at *6. In his proposed Second Amended Complaint, Bishop seeks to add a new party, remove previously-named parties, and alleges numerous additional facts. *See* (Proposed Second Am. Compl. at Caption, ¶ 16); *see also, e.g.*, (*id.* ¶¶ 10–15, 25–27, 34–43). In their Motion to Dismiss, Defendants primarily argue that Bishop's claims should be dismissed on account of insufficient pleading. *See* (Mem. of Law in Supp. of Mot. to Dismiss) [Doc. No. 39 at 9–23].[5]

Given these circumstances, the Court concludes that both the parties and the Court will be better served if Defendants' Motion to Dismiss is denied as moot, without any prejudice to

---

[5] Defendants make two arguments for dismissal unrelated to insufficient pleading. Defendants contend that Defendants DHS and MSOP are not "persons" under 42 U.S.C. § 1983 and are protected from suit by Eleventh Amendment immunity. (*Id.* at 6–7). Defendants also contend that Defendants Jesson, Johnston, Moser, Sajdak, and Christenson are entitled, on Eleventh Amendment grounds, to dismissal of any claim for monetary damages brought against them in their official capacities. (*Id.* at 7–8). Defendants do not argue that resolution of these issues in their favor would result in the dismissal of Bishop's claims in their entirety. *See* (*id.* at 6–8).

Defendants' ability to move for dismissal of the proposed Second Amended Complaint once it is filed as the operative complaint. In reaching this conclusion, the Court seeks to ensure that any opinion addressing the merits of Bishop's claims is issued after the Court has received comprehensive briefing that squarely addresses the operative complaint in this matter. *See Ho v. Jett*, No. 13-cv-245 (DWF/LIB), 2014 WL 991113, at *5 (D. Minn. Jan. 27, 2014) (noting that courts considering a Rule 12(b)(6) motion "must undertake the context-specific task of determining whether [a] . . . party's allegations nudge its claims against the defendant across the line from conceivable to plausible" (internal quotations marks omitted)).

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Minnesota Department of Human Services, Minnesota Sex Offender Program, Lucinda Jesson, Nancy Johnston, Kevin Moser, Steve Sajdak, Joanne Christenson, and Brian Erickson's Motion to Dismiss [Doc. No. 37] be **DENIED as moot**.

2. Plaintiff Merel Evans Bishop's ("Bishop") Motion to Dismiss Complaint [Doc. No. 45] be **GRANTED** to the extent Bishop seeks to amend the First Amended Complaint [Doc. No. 35] and **DENIED** to the extent Bishop seeks dismissal without prejudice.

3. The Clerk's Office be directed to file the proposed Second Amended Complaint [Doc. No. 48-1], which will thereafter become the operative pleading in this matter.

4. The Defendants be ordered to answer or otherwise respond to the proposed Second Amended Complaint 14 days from the date of its filing as the operative pleading in this matter.

5. Bishop's Motion for Leave to File a Second Amended Complaint [Doc. No. 48] be **DENIED as moot**.

Dated: July 17, 2015

                                         *s/Steven E. Rau*
                                         STEVEN E. RAU
                                         United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.