## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Merel Evans Bishop,

        Plaintiff,

  v.

Lucinda Jesson, Nancy Johnston, Kevin Moser,
Steve Sajdak, Joanne Christenson, Brian Erickson,
and Lisa Kuklis in their individual and
official capacities,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-1898 ADM/SER

___

Merel Evans Bishop, *pro se*.

Aaron Winter, Esq., Minnesota Attorney General's Office, Saint Paul, MN, and Kristy L. Burdick Cariveau, Esq., Wright County Attorney's Office, Buffalo, MN, on behalf of Defendants.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendants Lucinda Jesson, Nancy Johnston, Kevin Moser, Steve Sajdak, Joanne Christenson, Brian Erickson, and Lisa Kuklis (collectively, "Defendants") Objection [Docket No. 69] to Magistrate Judge Steven E. Rau's February 2, 2016 Report and Recommendation [Docket No. 68] ("R&R").  Defendants object to Judge Rau's recommendation that Merel Evans Bishop's ("Bishop") claims arising under the Minnesota Constitution against Defendants in their individual capacities should not be dismissed.  For the reasons stated below, Defendants' Objection is overruled and the R&R is adopted.

## II.  BACKGROUND[1]

Bishop is a civil detainee in the Minnesota Sex Offender Program ("MSOP") and is currently residing in the MSOP facility at Moose Lake, Minnesota.  Second Am. Compl. [Docket No. 54] ¶¶ 2, 31.  Defendants are former and current employees of the Minnesota Department of Human Services, MSOP, or the Moose Lake facility.

This lawsuit targets the quality and quantity of kosher meals at the Moose Lake facility.  Bishop, "an observant Jewish patient," alleges that the kosher meals provided by MSOP were "inedible," included non-kosher ingredients, used spoiled products, and were lacking in caloric content.  Id. ¶¶ 27, 30, 33–37.  Bishop, who is also diabetic, alleges losing approximately 85 pounds since he began regularly eating kosher meals.  Id. ¶¶ 24, 32, 37.  Bishop further alleges his efforts to improve the quality and quantity of the meals were denied.  See generally id.

Although Bishop claims to allege four causes of action, Judge Rau interpreted Bishop's Second Amended Complaint to actually assert six claims.  R&R at 9–10.  Four of Bishop's claims are based on the inadequacies of the kosher meals.  These four claims arise under the First and Fourteenth Amendments of the Federal Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and claims under the Minnesota Constitution and Minnesota Rule 4665.3000.  The remaining two claims are directed to the denial of Bishop's request to allow a rabbi into the kitchen to train staff on kosher preparation of food.  These two claims arise under the First Amendment of the Federal Constitution and RLUIPA.  See generally id.

---

[1] An abbreviated recitation of the facts is presented here.  A more thorough background is recited in the R&R and is incorporated by reference.

Defendants moved to dismiss [Docket No. 55] the entire Second Amended Complaint for failure to state a claim and for lack of subject matter jurisdiction.  Judge Rau recommends that Defendants' motion be granted in part and denied in part.  Judge Rau also recommends that the Pro Se Motion for Leave to File Amicus Curiae on Behalf of Plaintiff [Docket No. 61] be denied.

### III.  DISCUSSION

**A.  Standard of Review**

A magistrate judge's recommended disposition of a pretrial matter that is dispositive of a claim or defense is reviewed by the district judge "de novo as to any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

**B.  Defendants' Objection**

Defendants' objection is limited to a narrow portion of the R&R.[2]  Defendants argue that Judge Rau erroneously determined that Bishop's claims arising under Article I, §§ 2, 5, and 16 of the Minnesota Constitution against Defendants in their individual capacities be allowed to proceed.  Defendants contend that the authority Judge Rau relied upon in making this decision is inapplicable to the facts of this case.  Defendants argue that there is no authority that permits Bishop to pursue damages for his state Constitutional claims against Defendants in their individual capacities.  Rather, the authority Judge Rau cited recognizes a private right of action to pursue a limited set of Minnesota Constitutional claims for relief other than damages.

In the R&R, Judge Rau cited Brooks v. Roy, 881 F. Supp. 2d 1034 (D. Minn. 2012), as contrary authority to Defendants' broad assertion that violations of the Minnesota Constitution do not provide for a private remedy.  R&R at 17.  The plaintiff in Brooks sought injunctive relief

---

[2] Bishop did not object to the R&R.

for alleged violations of, among other things, Article I, § 16 of the Minnesota Constitution. Brooks, 881 F. Supp. 2d at 1042. In rejecting the defendants' assertion that claimed violations of the Minnesota Constitution do not provide a private cause of action, Brooks cited authority recognizing that broad principal does not necessarily apply to claims under Article I, § 16 of Minnesota's Constitution. Id. at 1053, n.12. The cases collected in Brooks permitted injunctive claims based on alleged Constitutional violations to proceed. See e.g., Edina Cmty. Lutheran Church v. State, 745 N.W.2d 194, 203 ( Minn. Ct. App. 2008), rev. denied (Minn. Apr. 29, 2008) (pursuing injunctive relief under Article I, § 16); In re Giishig, No. A08-0010, 2008 WL 5058537, at *2–3 (Minn. Ct. App. Dec. 2, 2008) (remanding to lower court to consider plaintiff's request to change his name for religious reasons). Defendants thus contend that Brooks and the cases it cites are limited to Constitutional claims pursuing equitable, rather than monetary, relief.

     A close read of Brooks and the authority it relies upon substantiates Defendants' position. While not explicitly stated as such, neither Brooks nor the cases it cites expressly authorizes a private right of action for Constitutional claims seeking monetary damages. This honors Minnesota's explicit refusal "to find causes of action for damages under the Minnesota Constitution . . . unless the Minnesota Supreme Court has recognized the cause of action." Riehm v. Engelking, 538 F.3d 952, 969 (8th Cir. 2008). Bishop has not cited and the Court cannot find any express recognition by the Minnesota Supreme Court for the Constitutional claims Bishop advances here.

     However, Bishop, in his Response to Defendants' Objection [Docket No. 71], recognizes the implicit distinction the caselaw has drawn between Constitutional claims involving damages and those involving injunctive and declaratory relief. To that end, Bishop asserts that he is not

seeking damages as recompense for his Minnesota Constitutional claims.  Response at 3.  In his prayer for relief, Bishop seeks injunctive as well as compensatory relief.  Second Am. Compl. at 26.  While Bishop does not explicitly tie the nature of relief he seeks to each cause of action he asserts, his pleading does include causes of action under 42 U.S.C. § 1983 that are redressable through monetary damages.

Thus, given Bishop's clarified understanding that he can pursue only injunctive relief on his Minnesota Constitutional claims against Defendants in their individual capacities, Magistrate Judge Rau's decision to allow those claims to continue is consistent with Minnesota law.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Lucinda Jesson, Nancy Johnston, Kevin Moser, Steve Sajdak, Joanne Christenson, Brian Erickson, and Lisa Kuklis' Objection [Docket No. 69] to Magistrate Judge Steven E. Rau's February 2, 2016 Report and Recommendation [Docket No. 68] is **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Defendants' Motion to Dismiss [Docket No. 55] is **GRANTED IN PART** and **DENIED IN PART**; and

4. The Motion for Amicus Curiae [Docket No. 61] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 9, 2016.